By the Court.
 

 All counsel in this cause concede that the only question which this case brings to this court is one of fact. From the finding of the commission we quote:
 

 “Heretofore this party first came before the commission with certain associates in the name of a so-called company, asking that a certificate be issued to them for this route. This application was withdrawn and an individual application filed by Kennedy for the. certificate, which was denied, for the reason that the commission had already granted to one
 
 W.
 
 D. Thomas a certificate for the route. Appeal was taken from this decision to the Supreme Court of Ohio, where it was affirmed. The present affidavit was then filed. At the hearing, which became necessary because of the pro
 
 *413
 
 test filed, testimony was offered tending to show some operation by the affiant over this route on or prior to April 28, 1923, bnt this testimony is in direct conflict with the testimony of the affiant in the former proceeding.
 
 * * *
 

 “It is apparent from the affiant’s own statements that any operations beyond Pleasant City to Caldwell, on or prior to April 28, 1923, were purely casual, and that this affiant was not, upon or before such date, actually operating in good faith a regular service over this route. The commission, being fully advised in the premises, therefore finds that the statements contained in said affidavit are untrue. ’ ’
 

 We have carefully read the record, and find that it contains evidence to support the affidavit of plaintiff in error, and also evidence inconsistent therewith; that the evidence of plaintiff in error given in this hearing is inconsistent with evidence given by him in a former hearing. While much of the evidence is inconclusive of the facts sought to be shown, some of it is in sharp conflict, and the actual fact can be ascertained only by determining which witnesses spoke the truth and which witnesses did not.
 

 The commission, with the witnesses before it. found the statements contained in the affidavit of plaintiff in error to be untrue. The record is such that, had the commission arrived at an opposite conclusion, this court probably would not have reversed such finding, and the same process of reasoning that would have prevented us from re
 
 *414
 
 versing a finding in favor of plaintiff in error prevents ns from reversing a finding against him.
 

 The order of the commission is affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Allen, and Conn, JJ., concur.